UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

CIVIL ACTION NO. 05-142-HRW

LARRY ROGER MEREDITH, JR.                                                                PETITIONER

VS.                          **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                                              RESPONDENT

## INTRODUCTION

Larry Roger Meredith, Jr., an individual presently confined at the Federal Correctional Institution (FCI) in Ashland, Kentucky, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. See *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. See *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## BACKGROUND

Petitioner alleges that in September 2000 he was stopped at a routine traffic checkpoint by

local police officers in Hillsville, Virginia. When he was unable to produce a driver's license, the officers asked if there was anything illegal in the vehicle. Petitioner first indicated that there was a knife in the vehicle and gave the officers permission to search the vehicle. Petitioner further volunteered that there was a gun behind the seat of his truck. The officers' search of the truck revealed the unloaded firearm, several boxes of ammunition, and a substantial quantity of methamphetamine. The officers placed Petitioner under arrest for weapon and drug charges.

The petitioner states that in 2001 he pled guilty to drug and firearm offenses in the United States District Court for the Western District of Virginia. He states that he received a 120-month sentence which he did not appeal. Petitioner filed an unsuccessful petition pursuant to 28 U.S.C. §2255, but did so requesting that he be given credit for "substantial assistance" rather than challenging his conviction under Section 924(c). *Larry Roger Meredith, Jr. v. United States*, 04-CV-435, Western District of Virginia.

In the instant petition, Petitioner now asserts that during pretrial proceedings, his defense counsel rendered ineffective assistance of counsel by failing to object to his being charged under 18 U.S.C. §924(c) and failing to advise him that there was insufficient evidence to support the plea agreement. The basis for Petitioner's argument is his contention that the facts described above are insufficient to sustain a conviction for either using or carrying a firearm "during or in relation to" a drug trafficking crime, or for possession of a firearm "in furtherance of" a drug trafficking crime under Section 924(c).

**DISCUSSION**

Generally, habeas corpus petitions filed pursuant to 28 U.S.C. §2255 relate to conviction and imposition of sentence and must be filed in the sentencing court. A petition for writ of habeas

corpus pursuant to 28 U.S.C. §2241 may generally only challenge execution of sentence, such as the computation of parole or sentence credits, and must be filed in the district where a petitioner is incarcerated. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). Since Petitioner's claims relate to the conviction obtained and sentence imposed by the federal district court in the Western District of Virginia, they are not ordinarily cognizable claims for this Court under 28 U.S.C. §2241.

Nonetheless, in highly exceptional circumstances, a federal prisoner may challenge his sentence before the district court in the district of his incarceration, rather than going to the sentencing court with a Section 2255 motion. This is permitted by certain language in the fifth paragraph of 28 U.S.C. §2255, which provides that a district court may exercise jurisdiction over Section 2255 claims under 28 U.S.C. §2241. Commonly called the "savings clause" of Section 2255, such use of Section 2241 is conditioned upon the petitioner establishing that "the remedy by [Section 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; *Charles v. Chandler*, 180 F.3d 753, 756-57 (6th Cir. 1999). Because the instant petitioner used such language, this Court construes Petitioner's claims to be made under the savings clause.

In *Bailey v. United States*, 516 U.S. 137 (1995), the Supreme Court interpreted the "use" prong of 18 U.S.C. §924(c)(1) narrowly, to require "active employment" of a firearm in order to sustain a conviction for "use" of a firearm in relation to a drug offense. Numerous prisoners convicted under a broader understanding of the "use" component for conduct which, after *Bailey*, was not considered criminal conduct, suddenly had claims of actual innocence.

Such claims, however, were often effectively barred after Congress's enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996. Prisoners who

had already filed a Section 2255 motion found that bringing a successive motion had become more difficult under the new legislation, which imposed several restrictions on a prisoners' ability to file habeas petitions under 28 U.S.C. §§2254 and 2255. These included a one-year statute of limitations and a requirement that a prisoner who had already filed an unsuccessful Section 2255 motion obtain pre-authorization from the appropriate circuit court of appeals before filing a second or successive motion. Where these requirements cannot be satisfied, prisoners like Petitioner have tried to fit within Section 2255's savings clause so that they may use a Section 2241 habeas corpus petition to bring a successive or untimely Section 2255 claim.

However, in *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), the Sixth Circuit emphasized that relief under Section 2241 is not a "catch all" remedy, but rather is available only in those rare cases where the petitioner demonstrates that his Section 2255 remedy is truly "inadequate and ineffective." The petitioner bears the burden to demonstrate inadequacy or ineffectiveness as a threshold matter, and an earlier unsuccessful Section 2255 motion or current time bar will not satisfy this burden. *Id*. at 756-57. Following the rationale from three other circuits, the Sixth Circuit found that Charles had failed to show either (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convicting evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Because Charles had failed to demonstrate either, the appellate court affirmed the *sua sponte* dismissal of his Section 2241 petition. *Id.* at 757.

The Sixth Circuit subsequently refined the framework set forth in *Charles* in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003). In *Martin*, the petitioner's Section 2255 motion was denied by the

trial court, and the circuit court of appeals denied his application for permission to bring a successive Section 2255 motion. The petitioner's remedy under Section 2255 was therefore barred, and hence "inadequate or ineffective." The Sixth Circuit noted that if the facts were as stated by the petitioner, "then [petitioner] is correct in his claim that he is factually innocent" of the offense. *Id.* at 804. The court then concluded that the petitioner must demonstrate "actual innocence" as a second prerequisite for bringing Section 2255 claims in a Section 2241 petition under *Bousley v. United States*, 523 U.S. 614 (1998).

In this case, the Court finds that Petitioner has failed to present either of these prerequisites. Petitioner has not raised his claims in a prior Section 2255 motion. Although it appears that such a motion would be barred by the one-year limitations period, under *Charles* this does not render his Section 2255 remedy inadequate or ineffective. Nor does Petitioner allege that he sought permission from the appropriate court of appeals to bring this claim in a successive Section 2255 motion and was denied. Finally, Petitioner does not allege the existence of newly-discovered evidence.

Petitioner asserts that he is actually innocent of the crimes for which he was convicted and sentenced. However, he does not do so based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Petitioner cites at length from the Supreme Court's decision in *Bailey* regarding the narrower conception of "use" under 18 U.S.C. §924(c). However, *Bailey* was decided was in 1995, six years *prior* to Petitioner's conviction. Further, the decision in *Bailey* was one of statutory interpretation and announced no new rule of constitutional law applicable to Petitioner.

Further, the petitioner cannot demonstrate actual innocence, as the facts presented by Petitioner in his petition indicate that the evidence was sufficient to support the offense for which

5

he was convicted. Petitioner was convicted of carrying a firearm in relation to a drug crime or possession of a firearm in furtherance of a drug crime under 18 U.S.C. §924(c). In *Muscarello v. United States*, 524 U.S. 125 (1998), the Supreme Court interpreted the statutory term "carry" to mean the firearm must be on the person or accompanying the person, as when "a person . . . knowingly possesses and conveys firearms in a vehicle, including in the locked glove compartment or trunk of a car . . . ." *Id*. at 126-27. *See also United States v. Clemons*, 9 Fed.Appx. 286, 290 (6th Cir.2001) (unpublished). After *Muscarello*, the Sixth Circuit concluded that, to constitute a "carrying" offense, the firearm need not be immediately available for use and that "the proper inquiry [in determining whether a firearm is being 'carried'] is physical transportation" of the firearm. *Hilliard v. United States*, 157 F.3d 444, 449 (6th Cir.1998). As Petitioner indicated the firearm at issue was found behind the seat of his truck, such was sufficiently "available for use" to undermine Petitioner's claim of actual innocence.

This Court concludes that the instant petitioner has failed to meet the threshold requirement of demonstrating that his remedy by Section 2255 motion was inadequate or ineffective, and that he is actually innocent of criminal conduct under an intervening ruling handed down by the Supreme Court of the United States; therefore, his petition must be denied and his cause dismissed. To do otherwise would be to allow the petitioner to obtain yet another bite at the post-conviction apple. *Charles*, 180 F.3d at 757.

### CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Larry Roger Meredith Jr.'s petition for writ of habeas corpus is **DENIED**; the action will be **DISMISSED** from the docket of the Court; and Judgment shall be entered

6

contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

(2) This is a **FINAL** and **APPEALABLE** order.

This January 5, 2006.

Signed By:
Henry R Wilhoit Jr.
United States District Judge